IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TONY L. JOSEPH,<br><br>  Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>  Defendant. | CASE NO. 3:24-CV-00151-JRK<br><br>JUDGE JAMES R. KNEPP, II<br><br>MAGISTRATE JUDGE DARRELL A. CLAY<br><br>**REPORT AND RECOMMENDATION** |

  Plaintiff Tony Joseph filed this action challenging the denial of social security benefits. (ECF #1). The District Court has jurisdiction under 42 U.S.C. §§ 1383(c) and 405(g). On January 25, 2024, pursuant to Local Civil Rule 72.2, this matter was referred to me to prepare a Report and Recommendation. (Non-document entry of Jan. 25, 2024). The Commissioner filed the Transcript of Proceedings on March 15, 2024 (ECF #11), making Mr. Joseph's opening brief due April 29, 2024. (*See* ECF #7 at PageID 34) ("Plaintiff must file its Brief on the Merits within 45 calendar days of the filing of the Administrative Record."). This date passed without Mr. Joseph making his submission.

  On May 29, 2024, Mr. Joseph sought a 30-day extension of time to file his brief. (ECF #12). Despite the dilatory nature of the request, I nevertheless granted it and reset the submission deadline to June 28, 2024. (Non-document entry of May 30, 2024).

  On June 28, 2024, Mr. Joseph filed a second motion for extension of time to file his brief. (ECF #13). This motion was not supported by an affidavit or declaration setting forth extraordinary cause justifying a second extension, as required by the Initial Order. (ECF #7 at PageID 35) ("If a party files a second (or subsequent) request for extension of any deadline, the request must be accompanied by an affidavit or declaration under oath setting forth extraordinary cause."). Notwithstanding this omission, on July 1, I granted the motion and extended the due

1

date for Mr. Joseph's brief to July 28, 2024. (Non-document order of July 1, 2024). Again, Mr. Joseph did not submit his brief.

On August 2, 2024, I ordered Mr. Joseph to file his brief by Wednesday, August 7, 2024, and informed the parties I would recommend dismissal of the case if Mr. Joseph failed to file it. (ECF #14). As of the date of this Report and Recommendation, Mr. Joseph has not submitted his brief, nor has he requested an extension of the deadline. For the following reasons, I recommend the Court dismiss the matter for want of prosecution.

If a plaintiff does not properly prosecute an action, a court may dismiss the matter pursuant to the court's inherent power to control its docket or involuntarily under Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Washbash R. Co.*, 370 U.S. 626, 630 (1962) (concluding district courts retain an inherent power to dismiss actions or claims sua sponte for lack of prosecution under Rule 41(b)). The authority to dismiss a case for failure to prosecute "is available to the district court has a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties. *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999)).

Four factors guide a district court's decision to dismiss under Rule 41(b) for failure to prosecute: (1) whether the failure is due willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Knoll*, 176 F.3d at 363.

The factors favor dismissal. First, even after I extended the due date, twice at his request and once sua sponte, Mr. Joseph did not file his brief. Second, the Commissioner was required to file the Administrative Transcript of Proceedings to defend against Mr. Joseph's complaint. (ECF #11). Third, I informed Mr. Joseph that failing to file his brief would result in my recommending dismissal of his complaint for want of prosecution. (ECF #14). Fourth, Mr. Joseph's brief is necessary to adjudicate his complaint; thus, a sanction less than dismissal would not be effective for resolution of the case.

Accordingly, after considering the factors, I find dismissal for want of prosecution is appropriate and therefore **RECOMMEND** the District Court dismiss this matter.

Dated: August 8, 2024

_____
DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE

OBJECTIONS, REVIEW, AND APPEAL

Within 14 days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the Magistrate Judge. *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); Local Civ. R. 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal, either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the Report and Recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the Report and Recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the Magistrate Judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, at *2 (W.D. Ky. June 15, 2018) (quoting *Howard*, 932 F.2d at 509). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).